**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAURIZIO CRIPPA, et al., | No. 12-55406 |
| Plaintiffs - Appellants, | D.C. No. 2:11-cv-05811-JST-DTB |
| v. | |
| UNITED STATES OF AMERICA, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted October 9, 2014
Pasadena, California

Before: HAWKINS and GRABER, Circuit Judges, and SEDWICK,[**] District
Judge.

In this appeal Maurizio Crippa and his spouse Rosalba Crippa ask us to

reverse the district court's decision granting the United States' motion to dismiss

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable John W. Sedwick, United States District Judge for the
U.S. District Court for the District of Alaska, sitting by designation.

their complaint for lack of subject matter jurisdiction. The district court's decision is correct, and we affirm.

Mr. Crippa applied for adjustment of status pursuant to 8 U.S.C. § 1255. United States Citizenship and Immigration Services denied his application. Denials of discretionary relief under § 1255 are not subject to judicial review. 8 U.S.C. § 1252(a)(2)(B)(i). Plaintiffs' main legal argument against application of § 1252(a)(2)(B)(i) is that, even if the denial was discretionary, it is subject to statutory standards and must comply with the Constitution; and the denial here was contrary to those statutory standards and in violation of Mr. Crippa's right to due process and the equal protection of the law.

Respecting the Crippas' statutory standards argument, we agree with the district court's conclusion that the Crippas "confuse the legal issue of whether Mr. Crippa is eligible for adjustment of status with the issue of whether discretion should have been exercised in his favor." The agency's decision is not contrary to statute, is based on the appropriate factors, and is discretionary in nature. A factor may be weighed in the calculus even if it is not an absolute bar to adjustment of status.

We also agree with the district court that plaintiffs have not presented a colorable constitutional violation. It is true that in some situations the spouse of a

United States citizen receives an adjustment of status, but whether or not the spouse is to receive the adjustment depends on the exercise of discretion by the agency taking into account the various factors identified by applicable law. That was done here, as it must be in every case. Mr. Crippa received equal treatment. The fact that when discretion was exercised he did not receive the benefit desired does not evidence a denial of equal protection. Nor does it evidence a due process violation.

We have considered but are not persuaded by any of the other claims advanced by the Crippas.

**AFFIRMED**.